IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA LYNN PAYNE                                                                        PLAINTIFF

vs.                                    Civil No. 2:11-cv-02227

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jessica Lynn Payne ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on March 3, 2010. (Tr. 15, 76-81). Plaintiff alleged she was disabled due to headaches, depression, and bipolar disorder. (Tr. 140, 150). Plaintiff alleged an onset date of April 30, 2009. (Tr. 109). These applications were denied initially and again upon reconsideration. (Tr. 25-35, 38-43). Thereafter, Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

hearing on her applications and this hearing request was granted. (Tr. 65).

Plaintiff's administrative hearing was held on March 3, 2011, in Clarksville, Arkansas. (Tr. 418-461). Plaintiff was present and was represented by counsel, Iva Nell Gibbons, at this hearing. *Id.* Plaintiff, her mother-in-law Darla Payne, and Vocational Expert ("VE") Montie Lumpkin, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-three (23) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 422, 448).

On March 16, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 15-24). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2009. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the severe impairments of bipolar disorder. (Tr. 17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the full range of work at all exertional levels except is only able to understand, remember, and carry out simple, routine, and repetitive tasks; able to respond appropriately to usual work situations; interact appropriately with supervisors; have only incidental contact with co-workers; and have no contact with the public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ

determined Plaintiff was unable to perform any of her PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 23, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a kitchen helper with 2,238 such jobs in Arkansas and 274,945 in the national economy, hand packer with 1,560 such jobs in Arkansas and 161,588 in the national economy and work as a cook helper with 1,318 such jobs in region and 170,282 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision.  (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 9-11).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 5-7).  On November 29, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on January 5, 2011.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 7,8.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7, Pg. 8-19. Specifically, Plaintiff claims the ALJ erred (1) in failing to fully develop the record, (2) in his credibility determination of Plaintiff's subjective complaints, (3) in determining Plaintiff's RFC, and (4) failed to give proper treatment to the opinions of Plaintiff's treating physician. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 8. Because this Court finds the ALJ erred in the RFC determination of Plaintiff, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am.

Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

Between May 2009 and February 2011, Plaintiff had numerous GAF scores which ranged from a low of 16 to a high of 55, with the vast majority scores being in the 40's. A sampling of these scores is as follows:

| Date | GAF Score | Tr. # |
|---|---|---|
| May 15, 2009 | 37 | 398 |
| August 5, 2009 | 51 | 410 |

| Date | Score | Ref |
|---|---|---|
| November 6, 2009 | 16 | 182 |
| December 9, 2009 | 31 | 218 |
| December 11, 2009 | 42 | 216 |
| February 6, 2010 | 50 | 239 |
| February 15, 2010 | 47 | 232 |
| February 22, 2010 | 50 | 228 |
| March 15, 2010 | 45 | 226 |
| March 29, 2010 | 48 | 223 |
| April 12, 2010 | 45 | 317 |
| April 25, 2010 | 44 | 315 |
| May 4, 2010 | 38 | 312 |
| May 11, 2010 | 50-55 | 244 |
| May 15, 2010 | 48 | 309 |
| May 25, 2010 | 46 | 307 |
| June 15, 2010 | 44 | 304 |
| June 29, 2010 | 46 | 302 |
| July 26, 2010 | 42 | 300 |
| August 31, 20101 | 50 | 356 |
| September 13, 2010 | 40 | 369 |
| October 8, 2010 | 48 | 353 |
| November 2, 2010 | 42 | 352 |
| November 8, 2010 | 42 | 364 |
| November 24, 2010 | 44 | 351 |
| December 9, 2010 | 42 | 350 |
| December 16, 2010 | 44 | 349 |
| December 30, 2010 | 48 | 348 |
| February 8, 2011 | 48 | 347 |

The ALJ's opinion made reference to Plaintiff's scores but found them not to be a reliable measure of functional ability as they only reveal a picture in time and do not necessarily correlate with disability. (Tr. 21). As discussed above, a GAF score of 40 to 50 also indicates an individual who suffers from severe symptoms. The ALJ's dismissal of these scores with no analysis was error. It was the ALJ's responsibility to properly evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with major depressive disorder, anxiety disorder, and depression.

Additionally, Plaintiff argues the ALJ failed to develop the record, in part based on a failure to contact Plaintiff's treating physicians regarding her RFC. Given the GAF scores and assessment findings in Plaintiff's records, the ALJ was arguably on notice of the need to clarify Plaintiff's mental RFC with her medical providers. *See Conklin,* 360 F. App'x at 707.

Thus, considering these facts, because the ALJ did not properly evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF scores should be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of November 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.