IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSICA LYNN PAYNE                                                                                                                                            PLAINTIFF

vs.                          Civil No. 2:11-cv-02227

CAROLYN COLVIN                                                                                                                       DEFENDANT
Commissioner, Social Security Administration

**ORDER**

       Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 11. Defendant has responded to this Motion and objects to the number of hours claimed and the request that the EAJA payment be made directly to her, instead of to Plaintiff. ECF No. 13. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1.**       **Background:**

       Jessica Lynn Payne ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On November 29, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 10.

       On February 19, 2013, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 11. With this Motion, Plaintiff requests an award of attorney's fees. *Id.* The attorney's fees represent 40.10 attorney hours. *Id.* Defendant responded to this Motion on February 28, 2013, and objects to the total number of hours claimed and the request that the EAJA payment be

made directly to her, instead of to Plaintiff.  ECF No. 13.

**2.     Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift

to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3.      Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 10. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 13. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of attorney fees of $7,190.33 under the EAJA. ECF No. 13, 16. Plaintiff requests these fees at an hourly rate of $179.31. ECF No. 16. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. In the present action, Plaintiff's requested rate of $179.31 is authorized by CPI-South index. Further, Defendant does not object to this hourly rate. This hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $179.31 per hour of attorney work performed.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 11-5. Defendant has objected to some of the hours for which counsel seeks a fee award and argues they are excessive and unreasonable. ECF No. 13. Specifically, Defendant objects to Plaintiff counsel's request for time spent in preparation of the appeal brief as excessive, time spent in review of the Answer as excessive and requests for fees that are clerical in nature. ECF No. 13, Pgs. 3-5.

Defendant objects to Plaintiff counsel's request for 30.60 hours spent in preparation of the appeal brief as excessive. ECF No. 13, Pgs. 3-4. With proper justification, a court can and should reduce a requested attorney's fee award. *See, e.g., Granville House, Inc. v. Dep't of Health, Educ. And Welfare,* 813 F.2d 881, 884 (8th Cir. 1987) (holding an attorney was "not entitled to compensation for the fifteen hours of work which could have been done by support staff"). The bare claim, however, that a Plaintiff requests "excessive fees" is not such a proper justification for reducing a fee request. Defendant attempts to argue these fees are excessive by stating there were "no unique or complex issue, and the transcript contained a modest 461 pages." ECF No. 13, Pg. 3. Defendant also cites the opinion of the Honorable Judge James R. Marschewski in support of his argument that Plaintiff's requested fees should be reduced as excessive. *See Hambrick v. Astrue,* 2:10-cv-02125, ECF. No. 15 (W.D. Ark. December 12, 2011).

After reviewing the *Hambrick* case and Defendant's briefing, this Court finds Defendant's argument is not persuasive. Plaintiff's attorney is in the best position to know the amount of time that was needed in a particular case. Appeals from the denial of disability benefits by the SSA, such as the instant case and *Hambrick* are very fact-specific, involve very different factual backgrounds, have different records to review, and raise distinct legal issues on appeal that are not necessarily raised in every case. Even if the legal issues are similar, the underlying administrative record in cases involving

4

appeals from decisions of the SSA are always different in size and complexity. Comparing the time required to adequately review those records and brief such appeals will rarely result in similar cases for the purposes of the Court's attorney's fee analysis.

It is also important to note, however, that a Plaintiff is not automatically entitled to all attorney's fees requested in a given case. This Court should review the fees requested to determine if the request should be considered "excessive" based upon the facts in this case. Based on the review of the pleadings and counsel's itemization of time, this Court does find Plaintiff's request for compensation in the preparation of the appeal brief to be reasonable and not excessive.

Defendant also objects to Plaintiff's request for 1.20 hours for work performed on February 29, 2012 as excessive. ECF No. 13, Pg. 4. Defendant argues 1.20 hours for review of Defendant's three page Answer should be reduced to 0.20 hours. *Id.* Plaintiff filed a Reply in Response to Defendant's Response. ECF No. 15. As pointed out by Plaintiff, the entire time entry involved review of Defendant's Answer and review of the administrative record. *Id.* Based on the review of the counsel's itemization of time, this Court does find Plaintiff's request for compensation for this task to be reasonable and not excessive.

Finally, Defendant objects to a total of 0.20 hours that are alleged to be secretarial in nature and are considered part of overhead and are not separately compensable under the EAJA. ECF No. 13, Pgs. 4-5. Defendant requests the Court deny Plaintiff's requests for compensation for the following tasks:

> a. the Receipt/Review NEF providing File Stamped IFP,. Complaint, Summons issued performed on December 19, 2011. Total time requested: 0.1 hours.
>
> b. the Receipt/Review file Stamped Complaint, IFP, Civil Cover Sheet, and Summons for Service performed on December 19, 2011. Total time requested: 0.1 hours.

5

Based on the review of the counsel's itemization of time, this Court would disagree that such tasks are "clerical" or "secretarial" in nature and this Court does find Plaintiff's request for compensation for these tasks to be reasonable.

Therefore, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $7,216.12, representing 40.10 hours of attorney time at an hourly rate of $179.31 and $25.79 in expenses.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff*. ECF No. 13. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

Based upon the foregoing, Plaintiff is awarded **$7,216.12** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **3rd day of April 2013.**

        /s/   Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE